UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING | CIVIL ACTION NO.: Admiralty – Rule 9(h) |
| VERSUS | SECTION ___ | DIVISION ___ |
| M/V TOMINI SYMPHONY, her engines, tackle, apparel, etc., *in rem* | JUDGE |
| | MAGISTRATE |

**VERIFIED COMPLAINT**

The Complaint of Plaintiff, American River Transportation Co. LLC d/b/a ARTCO Stevedoring ("ARTCO Stevedoring"), against Defendant, M/V TOMINI SYMPHONY, her engines, tackle, apparel, etc., *in rem*, in a cause of action under 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follows:

1.

At all times hereinafter, Plaintiff, ARTCO Stevedoring, was and is now a limited liability company duly organized under the law of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Louisiana.

2.

At all times hereinafter, Defendant, M/V TOMINI SYMPHONY (the "Vessel"), was and is now a bulk carrier bearing IMO No. 9718143 with an overall length of 199.9 meters, a breadth of 32 meters, and flying under the flag of the Marshall Islands. The vessel is or will be in the jurisdiction of the Eastern District of Louisiana.

3.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.

ARTCO Stevedoring owns and operates a mid-stream buoy berth located at Mile 121 AHP, Lower Mississippi River.  This berth provides dockage and other necessary services for ocean going vessels to load/unload cargo.

5.

On or about April 16, 2019, the Vessel entered the ARTCO Stevedoring berth in order to unload its cargo.  Prior to entering the berth, the Master of the Vessel and the agent for the Vessel signed an Application for Berth Ocean Going Vessels ("Berth Application") on behalf of the Vessel and its owners/operators in which the Vessel and its owners/operators agreed to follow and comply with all rules and regulations of American River Transportation Co. LLC d/b/a ARTCO Stevedoring Published Ship Mooring & Associated Fees and Rules ("ARTCO Stevedoring Rules").

6.

In relevant part, the ARTCO Stevedoring Rules provide the following:

> The signed Application for Berth, when received by the facility or berth with delivery of other documents set out in this paragraph II. C, and/or the use of the facilities and services, and/or the mooring and/or anchoring of the vessel, shall constitute a contract between ARTCO STEVEDORING and the vessel and the User to abide by the rules and regulations of and to be jointly and severally liable for all charges of whatsoever kind or nature in this document and for any liabilities arising therefrom.  All charges incurred by the vessel and Users, as set forth in this document, shall be the responsibility of and

payable by the representative of the vessel and/or User that files the Application for Berth.

…

Every vessel upon entering the berth (docking), leaving the berth (undocking), shifting while in berth (warping), or lying at berth, shall be required to make use of a sufficient number of tugs at the vessel's risk and expense.  The number of tugs used shall be at the discretion of the vessel and/or pilot

…

The mooring and anchoring of the vessel shall be the sole responsibility of the vessel and its Master.

…

All charges incurred by the vessel during their stay must be paid prior to departure.  This will include all dockage, tug boat, line handling, launch boat, pilot access, and security charges.  We advise that charges for "hold-in tugs" and "re-attaching lines" are considered to also be for the account of the vessel and would be paid by the vessel prior to departure.

7.

While in the berth, the Vessel incurred charges for several services, including but not limited to dockage services, launch boat services, tug services, and line handling services.

8.

The Vessel completed loading operations on April 24, 2019 and departed the berth on the same day.

9.

ARTCO Stevedoring presented an invoice in the amount of $551,052.00 to the Vessel, which represents the balance due to ARTCO Stevedoring for all services provided to the Vessel at the berth.  To date, the outstanding balance has not been paid.

10.

Pursuant to Berth Application and the ARTCO Stevedoring Rules, the Vessel is obligated to pay the fees for services provided to it in the berth together with court costs and expenses incurred by ARTCO Stevedoring.  Moreover, ARTCO Stevedoring has a maritime lien against the Vessel, as the damages claimed herein arise from ARTCO Stevedoring's provision of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq*.

11.

ARTCO Stevedoring has a maritime lien against the Vessel for the full amount of its claim, and is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims.

WHEREFORE, ARTCO Stevedoring prays that:

1. A copy of the Verified Complaint be served upon the Vessel, *in rem*;

2. All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3. That the Court recognize a maritime lien against the Vessel, *in rem*, in favor of ARTCO Stevedoring for an amount in amount of $551,052.00, plus interest;

4. That a Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiff's claim; and

5. That Judgment be entered in favor of ARTCO Stevedoring against the Vessel, *in rem*, at least in the amount of $551,052.00, together with all other amounts shown

at trial including, but not limited to, interest and attorney's fees, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s).

        Respectfully submitted:

        SALLEY HITE MERCER & RESOR, LLC

        */s/ Kevin Frey*
        DAVID M. FLOTTE T.A. (#1364)
        KEVIN M. FREY (#35133)
        365 Canal Street, Suite 1710
        New Orleans, Louisiana 70130
        Tel.:   (504) 566-8800
        Fax:   (504) 566-8828
        dflotte@shmrlaw.com
        kfrey@shmrlaw.com

        Counsel for Plaintiff,
        American River Transportation Co., LLC
        d/b/a ARTCO Stevedoring

**PLEASE HOLD SERVICE:**

M/V TOMINI SYMPHONY, her engines, tackle, apparel, etc., *in rem*